## PAROL TESTIMONY AS TO CONSIDERATION EXPRESSED IN DEED.

Circuit Court of Mahoning County.

Lucius M. Shehy v. Elizabeth Cunningham et al.

Decided, October Term, 1907.

*Consideration—Where Expressed in a Deed as Valuable—May be Shown by Parol to have been for Love and Affection, When—Distribution—Receipt for Advancement—Section 4172.*

In an action for the distribution of a decedent's estate coming by inheritance, parol evidence is admissible to show that a deed which, upon its face expresses a valuable consideration, was in fact a gift for natural love and affection as an advancement. *Cowden v. Cowden et al,* 7 C. C.—N. S., 277, overruled.

Cook, J.; Burrows, J., and Laubie, J., concur.

Error to Mahoning Common Pleas Court.

The action in the common pleas court was by Lucius M. Shuey to recover from his three sisters the sum of five thousand dollars, it being the one-fourth part of twenty thousand dollars received by them from the sale of real estate inherited by him and his three sisters from their father.

The sisters admitted that Lucius was entitled to the one-fourth part of the real estate, but claimed that there should be deducted from the same the value of a certain parcel of real estate given by the father to Lucius as an advancement.

By the evidence it appears that on April 15th, 1890, some years before his death, the father conveyed to Lucius ninety-nine acres of land by deed of general warranty for the consideration expressed in the deed of forty-seven hundred dollars, and the son went into possession of the property. At the time of the execution of the deed the father took from the son a receipt setting forth that the conveyance was made on account of Lucius' interest in his father's estate. The case was tried to the court, a jury being waived, and the court found that the conveyance of the ninety-nine acres of land was an advancement, and gave judgment for the plaintiff for the sum of $726.65, the

difference, with interest, between the $5,000 and the value of the land so conveyed.

While there is some conflict in the evidence yet we are satisfied that the court was fully justified in finding that the conveyance from the father to the son was an advancement under the evidence, if the same was admissable.

The principal question, however, made below and also before us is, that the parol evidence admitted for the purpose of showing that, while the deed upon its face stated that the consideration was a valuable one, yet in fact it was a gift as an advancement, was improperly admitted.

Waiving the question as to whether or not the receipt should be read in connection with the deed and as part of the same, we think the court below was right in admitting the parol evidence.

No question of title was involved as to the ninety-nine acres; it was simply as to whether or not Lucius should account for the $4,700. If the manner of descent of the ninety-nine acres had been at issue the consideration could not be changed by parol evidence from a valuable one as shown in the deed to a good one for natural love and affection. *Brown* v. *Whaley et al*, 58 O. S., 654; *Groves et al* v. *Groves*, 65 O. S., 442.

Indeed, in this case the question of consideration is not involved at all only in so far as it shows the value of the ninety-nine acres in the division and distribution of the estate. Section 4172, Revised Statutes.

But it is said that the case of *Samuel A. Cowden* v. *Hugh T. Cowden et al*, 7 C. C.—N. S., 277, decided by this court at the October term, 1905, is contrary to the holding now made. So it is. That case was properly decided under the evidence, but, in so far as the law laid down in that case upon this question, the court was wrong. The law as stated in the syllabus was correct but was misapplied to the facts of the case. We will not be controlled by that decision and the same is overruled.

Judgment affirmed.

*Arrel, Wilson & Harrington*, for plaintiff in error.

*Moore & Craver* and *S. M. Thompson*, contra.